IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

UNITED STATES OF AMERICA                    3:05-CR-30-MA

v.                                          OPINION AND ORDER

SAUL GONZALEZ-DE LA PAZ,
aka CARLOS GONZALEZ-PEREZ,

          Defendant-Petitioner.

S. AMANDA MARSHALL
United States Attorney
RYAN W. BOUNDS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

       Attorneys for United States

SAUL GONZALEZ-DE LA PAZ, aka
CARLOS GONZALEZ-PEREZ, #327290
Coyote Ridge Correctional Center
P.O. Box 769 BB58
Connell, WA 99326

       Defendant Pro Se


1 - OPINION AND ORDER

MARSH, Judge.

This matter is before the Court on defendant's Motion to Direct Federal Probation to Be Served Concurrently (doc. 27) with a Washington State Prison Sentence, and defendant's Motion for Order Quashing Warrant (doc. 30).  For the following reasons, the court **DENIES** both motions.

### BACKGROUND

Defendant is a Mexican national who has been ordered removed from the United States at least five times.  In July 2005, he pleaded guilty in the District of Oregon to a charge of illegal reentry.  This court sentenced him to 18 months in prison and three years supervised release.  Defendant was deported to Mexico in May 2006 after completing his prison sentence.  His term of supervised release was due to expire in May 2009.

In August 2006, defendant again illegally reentered the United States and was again removed to Mexico.

On September 11, 2006, this court issued an arrest warrant and an Order to Show Cause why defendant's supervised release that was previously imposed in May 2006 should not be revoked.

On December 4, 2008, defendant was arrested in Washington State on charges of Possession with Intent to Deliver Heroin and being an Alien in Possession of a Firearm.  He was convicted in January 2009 and sentenced to 60 months in prison.  He is now serving that sentence at the Coyote Ridge Correctional Center in

Connell, Washington subject to a detainer issued by the United States Marshall for the Eastern District of Washington.

As a result of his criminal conduct since being released from prison in May 2006, defendant has served only eleven weeks of the original term of supervised release imposed in May 2006. Accordingly, he has approximately 33 months of that supervised release term remaining, as well as any other sentence that may be imposed by the court as a result of his original violation.

## DISCUSSION

Defendant requests the court to exercise its discretion and order his term of supervised release to be served concurrently with the sentence he is now serving in state custody so that he is able to attend work and educational programs as part of his rehabilitation process.

Defendant also moves the court for an Order quashing this court's September 11, 2006, arrest warrant and Order to Show Cause why defendant's supervised release should not be revoked.

The reentry of a deported alien into the United States without prior contact with a probation officer places the alien in a "fugitive status." United States v. Murguia-Oliveros, 421 F.3d 951, 953-54 (9th Cir. 2005). As a consequence, the running of the 33 months remaining on defendant's term of supervised release was tolled when he became a fugitive. United States v. Ignacio Juarez, 601 F.3d 885, 888 (9th Cir. 2010). Moreover, the

remaining 33 months of defendant's supervised release term did not run after he was arrested, convicted and imprisoned on state drug and firearm charges.  18 U.S.C. § 3624(e); Ignacio Juarez, 601 F.3d at 890.  Although the court has discretion to modify the length of a term of supervised release after the first year of the term pursuant to 18 U.S.C. § 3583(e)(3) if the defendant's conduct warrants such termination, that provision does not apply to defendant because he only served 3 months of his 36 month term of supervised release, and his conduct while on supervised release clearly does not justify termination.[1]

On this record, the court **DENIES** defendant's requests to quash the warrant arising from his original supervised release violation and also **DENIES** defendant's request that his remaining period of supervised release be served concurrently with the sentence he is now serving as a result of his conviction in the State of Washington on drug possession and firearm charges.

IT IS SO ORDERED.

DATED this 4th  day of January, 2012.


/s/Malcolm F. Marsh
MALCOLM F. MARSH
United States District Judge

---

[1] The government asserts it "will be advocating for a sanction" that includes further prison time in light of defendant's conduct.  That issue will be addressed in a later revocation hearing.

4 - OPINION AND ORDER